# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# ANDERSON DIVISION

| | |
|---|---|
| LaKrystal Coats, as Personal Representative of the Estate of Demetric Cowan, | C/A #: 1:17-cv-02930-TLW-SVH |
| Plaintiff, | |
| v. | |
| Ray Pope, in his individual capacity; FNU Nichols, in his individual capacity; FNU Cardarelli, in his individual capacity; FNU White, in his individual capacity; Gerald Brooks, in his official capacity as Chief of Police of the City of Greenwood; Sidney Montgomery, in his individual capacity; Roy Murray, in his individual capacity; Pamela Osborne, in her individual capacity; Tony Davis, in his official capacity as Sheriff of Greenwood County, | **MEMORANDUM IN SUPPORT OF THE RULE 59(e) MOTION OF DEFENDANTS MONTGOMERY AND MURRAY** |
| Defendants. | |

Defendants Montgomery and Murray, by and through their undersigned counsel, respectfully submit the following memorandum in support of their Motion to Alter or Amend the Order of this Court dated October 30, 2019. [ECF 57]

This Motion is made pursuant to Rule 59(e), Fed. R. Civ. P. and accordingly the Defendants respectfully request that the Court reconsider its ruling and Order dated October 30, 2019. [ECF 57.]

1

Defendant Pamela Osborne has also submitted a similar motion to the Court based on the same grounds and similar arguments. Defendants Montgomery and Murray join in that Motion filed by Defendant Osborne.

## PROCEDURAL BACKGROUND

The defendants filed Motions for Summary Judgment on February 7, 2019, and the plaintiff filed a response in opposition to which the defendants filed replies.

On July 3, 2019, the United States Magistrate Judge issued her Report and Recommendation recommending that the Defendants' Motions for Summary Judgment be granted. The Plaintiff filed objections to the Report and Recommendation and the Defendants thereafter filed their responses.

This Court issued its Order on October 30, 2019, that gave a detailed analysis which accepted in part and denied in part the Magistrate Judge's Report and Recommendation. The Defendants' Motions were granted except as to the 14th Amendment claims as relate to detention officers Montgomery, Murray, and Osborne.

Respectfully, the defendants request the Court give further consideration to its ruling as to the 14th Amendment claims against Defendants' Montgomery, Murray, and Osborne. Rule 59(e) allows for a motion to alter or amend the judgment by way of a motion to reconsider to address a possible error of law and/or to prevent manifest injustice. *See, Pac. Ins. Co. V. Am. Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998).

The District Court's Order acknowledges that after Cowan was booked at approximately 10:07 p.m., he reported that he had consumed a small amount of marijuana and ecstasy earlier in the day, but his behavior was otherwise normal until approximately 3:30 a.m. The relevant time frame at issue addressed by the Court is the period of time between 3:30 a.m. and 4:13 a.m.

when EMS was activated. During this 43 minute period of time Cowan's behavior changed as noted and documented in the time line made a part of the District Court's Order.

1. **GIVEN THE TOTAL ABSENCE OF ANY EVIDENCE IN THE RECORD TO SUPPORT A CAUSAL CONNECTION BETWEEN ANY ACTS OR OMISSIONS OF THE DEFENDANTS AND THE DECEDENT'S DEATH, THE COURT SHOULD GRANT THE DEFENDANTS' MOTION TO RECONSIDER AND DISMISS THE PLAINTIFF'S CLAIM FOR WRONGFUL DEATH DAMAGES.**

The summary judgment standard requires that a non-moving party come forward with sufficient evidence to give rise to a genuine issue of material fact and if the plaintiff fails to do so, summary judgment is warranted.

The plaintiff in Paragraph 37 of her Complaint alleges that the defendants were malicious, deliberately indifferent, reckless, and that they disregarded a serious medical need and in Paragraph 38, she claims, "As a direct and proximate result of the foregoing, plaintiff suffered and died. The plaintiff seeks wrongful death damages in this case. To support her wrongful death claim for damages, plaintiff must come forward with sufficient evidence to give rise to a genuine issue of material fact that Cowan's death was proximately caused by some act or omission of the defendants. The plaintiff has come forward with no such evidence and in fact the defendants have come forward with evidence to the contrary. The plaintiff, in a claim for wrongful death damages is required to prove the essential element of causation and without any such proof, respectfully, the plaintiff's damage claim cannot proceed to trial given the evidence in this record.

A plaintiff in a § 1983 case is required to prove that a federal right was violated and, as is the case in tort law, that the alleged violation was a proximate or legal cause of the damages the plaintiff claims to have suffered. *Arnold v. IBM Corp.*, 637 F.2d 1350 (9th Cir. 1981).

As is noted in the memorandum of Defendant Osborne, federal courts have recognized that wrongful death and survival actions can be brought pursuant to 43 U.S.C. § 1983. See, e.g.,

3

*Batiste v. Theriot,* 458 Fed.Appx. 351 (5th Cir. 2012) (applying wrongful death analysis to § 1983 claim for denial of medical care); *Iko v. Shreve,* 535 F.3d 225 (4th Cir. 2008) (§ 1983 survival and wrongful death action); *Dean v. Shirer,* 547 F.2d 227 (4th Cir. 1976); *Roberts v. Bodison,* 2015 WL 13215670 (D.S.C. 2015) (Report and Recommendation), adopted by 2015 WL 9581756 (D.S.C. 2015) (applying South Carolina wrongful death statute for § 1983 claim in matter of first impression of the Fourth Circuit); *Hoover v. Trent,* 2008 WL 2992987 (ND W.Va. 2008).

Causation is an essential element for claims seeking relief based upon the constitutional torts. *Formica v. Aylor,* 739 Fed.Appx. 745 (4th Cir. 2018) (no constitutional violation in claim for deliberate indifference to a serious medical need without proof the delay in treatment resulted in harm by exacerbating the injury or prolonging pain. *Watson v. Adams*, 2015 WL 1486869 (D.S.C. 2016) (Summary judgment granted in § 1983 wrongful death action in absence of proof of causation.)

The Court's Order of October 30, 2019 makes reference to a "branch" of deliberate indifferent claim in which a constitutional violation may be based on delay in providing medical assistance when the need is "obvious." The Order goes on to state that the plaintiff presents a cognizable claim for deliberate indifference based the obviousness of Cowan's "seizure symptoms."

Even if a claim for deliberate indifference can be found based on the "obviousness" of Cowan's symptoms, to establish a claim for wrongful death damages for deliberate indifference for such conduct, there still must be evidence of causation which the plaintiff has not provided by any competent evidence.

The Court notes on page 10 of its Order as to the opinion of Dr. Kim Collins notes that "most probably" does not meet the level of certainty required to find no triable issue of fact.

4

Respectfully, this reference is somewhat confusing in that the plaintiff is required to come forward with evidence to show that there is a triable issue of fact, which includes evidence of causation.

To rebut any possible inference as to the causation issue, the defendants submitted the affidavit of Dr. Kim Collins, a board certified forensic pathologist who states,

> Most probably to a degree of reasonable medical certainty, even if officers had summoned emergency assistance at or around 3:30 a.m. on the morning of March 13, 2016 when Cowan first exibited signs and symptoms of any type of medical issue, Mr. Cowan's death was most probably not preventable due to his having ingested cocaine as shown on the autopsy and by toxicology, which was known to those on scene.

In *Edwards v. Graham County Jail*, 217 WL 5894496 (2017), that Court gave an indepth discussion to the issue of causation in a deliberate indifference claim:

> To demonstrate this resulting injury, a deliberate indifference inmate who contends "that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1188 (11th Cir. 1994). To withstand a motion for summary judgment, the non-moving party is required to forecast expert medical evidence in order to show proof of causation – that is, whether the alleged delay in treatment caused any injury. See <u>*Alberson v. Norris,* 458 F.3d 762, 765-66 (8th Cir. 2006)</u> ("Where the complaint [asserting a Section 1983 claim for inadequate medical treatment] involves treatment of a prison's sophisticated medical condition, expert testimony is required to show proof of causation.") Withount expert testimony pertaining to causation, a layperson cannot determine the nature of Plaintiff's medical condition as it existed on September 19, 2015, the available treatments for it, the probable medical outcomes for each such treatment, or the detrimental effect, if any, of the alleged delay on those outcomes. An average juror has no basis in common knowledge or ordinary experience to determine whether delays in treatment or other factors <u>caused or exacerabated the injury about which Plaintiff complains</u>. It would be entire speculative for a jury to decide that a delay in transporting Plaintiff for medical care earlier would have resulted in a different result. (emphasis added.)

Respectfully, the defendants do not have the burden of showing "no causation" as to Cowan's death (even though they have done so), but rather the plaintiff has the burden of coming forward

5

with evidence to establish causation in order to overcome summary judgment as to the wrongful death damages the plaintiff claims.

The plaintiff's wrongful death damage claim is governed by state law and S. C. Code Ann. § 15-51-10, known as the Wrongful Death Statute. That statute provides that in order for there to be a claim the death must have been "caused by the wrongful act." The general jury instructions as to wrongful death claims include language that the wrongful conduct alleged in the Complaint must be the "proximate cause" of the death of the plaintiff's intestate.

There is just no evidence in the record from which it can be inferred that any act or omission of the defendants caused Cowan's death, and it is requested that the Court reconsider its Order of October 30, 2019 and alter or amend it accordingly.

2. **THE COURT SHOULD RECONSIDER ITS ORDER OF OCTOBER 30, 2019 AS TO THE PLAINTIFF'S CLAIM FOR SURVIVAL DAMAGES.**

The record shows that Cowan's behavior was completely normal from the time he was booked at the detention center at 10:07 p.m. until there was a change in his behavior and mentation around 3:30 a.m.

The record shows that there was a time period of 43 minutes between the time Cowan at the very first exhibited any abnormal behavior and when EMS was activated, and in retrospect, Cowan had a serious medical need and was in the midst of a medical emergency. The Court notes that there is a branch of deliberate indifferent claims where a constitutional violation can be premised solely on the delay in providing medical care when that medical need is obvious. Even if, however, it is felt that in the eyes of a lay person that Cowan's condition was such that his need for emergency medical care was obvious so as to support an inference of deliberate

indifference, nevertheless, respectfully, there still must be evidence of causation to sustain a claim for survival damages for Cowan's alleged pain and suffering prior to his death.

In *Formica v. Aylori,* 739 Fed.Appx. 745 (4th Cir. 2018), the Court said:

> Where a deliberate indifference claim is predicated on a delay in medical care, we have ruled that there is no Eighth Amendment violation unless "the delay <u>results</u> in some substantial harm to the patient,' such as a "marked" exacerabation of the prisoner's medical condition or "frequent complaints of severe pain." See *Webb v. Hamidullah,* 281 F.App'x 159, 166-167 (4th Cir. 2008) (emphasis added0; see also *Sharpe v. S.C. Dep't of Corr.,* 621 F. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." (Internal quotation marks omitted) ).

The "suffering" experienced by Cowan during the 43 minute segment of time was brought about by the cocaine that he had ingested that no officer was told about. Respectfully, to support a claim for a survival action, the plaintiff must come forward with sufficient evidence to create a genuine issue of material fact that the "suffering" was caused and/or brought about by the defendants' actions, or that had EMS been activated sooner, Cowan would not have experienced shaking, or seizure, or vomiting, or a compromise or loss of motor skills and/or other discomfort during this 43 minute segment of time. The plaintiff has come forward with no such evidence from which it can be inferred that Cowan's suffering would not have otherwise occurred.

Here, the "suffering" that the plaintiff experienced as a result of the 43-minute delay and/or time frame where he was in possible need of medical care was not caused by any of the defendants and there is no evidence to indicate as is alleged in Paragraph 38 of the Complaint that the plaintiff suffered as a proximate result of any actions by the defendants.

### 3. THE DEFENDANTS REQUEST THAT THE COURT RECONSIDER AND ALTER ITS ORDER AS RELATES TO THE PLAINTIFF'S 14TH AMENDMENT CLAIM.

Defendants Montgomery and Murray respectfully request that the Court reconsider its Order of October 30, 2019 finding that there is a cognizable claim for violation of the plaintiff's civil rights.

As is discussed previously in this memorandum, the Court's Order suggested that Cowan's medical emergency and condition would have been obvious so as to trigger some action by Officers Murray and Montgomery. From all indications Inmate Cowan showed no signs of distress or discomfort, or any concern for needed medical attention, until there was, at the very earliest, a change of behavior at 3:30 a.m. As is referenced in the District Court's Order, the relevant time frame at issue appears to be the 43-minute time segment between 3:30 a.m. when another inmate told Sergeant Montgomery that Cowan had vomited, and 4:13 a.m. when EMS was activated. It is acknowledged that officers were never told that Cowan had ingested any quantity of drugs and certainly they had no reason to suspect and/or assume that he had ingested a bag of cocaine. The time line of events and the video show what responsive action was taken with reference to Cowan's condition during this 43-minute segment of time. Again, it certainly acknowledged in hindsight that Cowan was having a significant medical emergency but the defendants need to be judged based on the information they had available to them at that time. When it was noted that Cowan was acting strange and shaking, it was felt that he was detoxing and he was moved to holding cell No. 2 where he could be more closely observed. Cowan's behavior at that time to a lay person would be unusual and concerning but maybe not necessarily significant and/or serious so as to warrant emergency medical attention. Later at

approximately at 3:55 a.m. to 4:09 a.m. it does appear that Cowan exhibits seizure activity.  The window of time, therefore, that the defendants could have and/or should have possibly appreciated a serious medical issue warranting emergent care would have been the window of time between 3:55 a.m. and 4:09 a.m.   EMS was activated at 4:13 a.m. according to the time line.  Realistically, it therefore appears that the defendants had only a window of time of approximately 18 minutes to appreciate that the plaintiff was indeed in a medical emergency, whether brought about by detoxing or otherwise.  The defendants really had only that short time frame to appreciate Cowan's condition, to allow for it to be said that Montgomery and Murray had sufficient information to "know of and disregard an excessive risk" to Cowan's health and safety and to draw the inference "that a substantial risk of serious harm exists."  See *Estelle v. Gamble*, 429 U.S. 97 (1976).  See also *Farmer v. Brennan, 511 U.S. 825 (1994).*  At best, these events give rise to a negligent failure or inadvertent failure to provide medical care and respectfully, deliberate indifference can be inferred only by engaging in 20/20 hindsight.

## IV. OFFICERS MURRAY AND MONTGOMERY REQUEST THAT THE COURT RECONSIDER ITS ORDER DATED OCTOBER 30, 2019 AND GRANT QUALIFIED IMMUNITY.

As is discussed above, Officers Murray and Montgomery had a limited time frame and limited information with which to make a determination as to Cowan's need for emergent medical care.  Qualified immunity protects officials from bad guesses in gray areas and insures that they are liable only when they transgress bright lines.  It is well-settled that when there are no bright lines or clear law to violate, entitlement to qualified immunity has been determined to be a question of law for the Court.  *Willingham v. Crook*, 412 F.3d 553, 559 (4th Cir. 2005).

9

The facts as are documented in the time line and in the video could reasonably lead to the conclusion that Officers Montgomery and Murray made a "bad guess" as to what was happening with Cowan at the time, and more particularly in that 18 minute window just before EMS was called. Now in retrospect, it is easy and tempting to judge and second-guess their actions and the timing of their response in calling EMS. There is, however, no dispute that Cowan was totally normal for several hours, and then quickly changed, at which time officers did react promptly by placing him under closer observation, and they did so without the benefit of knowing that he ingested cocaine. The actions of defendants here show they did not have the requisite knowledge of a substantial risk to Cowan during this very limited window of time, and for that reason request that the Court grant their claim for qualified immunity.

## Conclusion

The defendants appreciate the Court's consideration to their motion. Even though one may see the video of this event to be concerning, in order to give rise to a 14th amendment claim for damages, the rule of law requires a showing of causation which does not exist. The defendants therefore respectfully request that the plaintiff's 14th amendment claim be dismissed.

Respectfully submitted,

s/   Russell W. Harter, Jr.
Russell W. Harter, Jr., Fed. ID #: 1753
Carly H. Davis, Fed ID #: 11397
Chapman, Harter & Harter, PA
P. O. Box 10224
Greenville, SC 29603
864/233-4500

                864/232-1710 (fax)
                rwhjr@chhlaw.net; chdavis@chhlaw.net
                ATTORNEYS FOR DEFENDANTS
                MONTGOMERY AND MURRAY

Greenville, SC

November 27, 2019