UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| LaKrystal Coats, *as Personal Representative of the Estate of Demetric Cowan*,<br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Ray Pope, *in his individual capacity*, FNU Nichols, *in his individual capacity*, FNU Cardarelli, *in his individual capacity*, FNU White, *in his individual capacity*, Gerald Brooks, *in his official Capacity as Chief of Police of the City of Greenwood*, Sidney Montgomery, *in his individual capacity*; Roy Murray, *in his individual capacity*, Pamela Osborne, *in her individual capacity*, and Tony Davis, *in his official capacity as Sheriff of Greenwood County*,<br>　　　　　　　　　　　Defendants. | C/A No: 1:17-cv-02930-TLW<br><br>**Response to Defendants' Rule 59(e) Motions** |

　　　　LaKrystal Coats responds to the Fed. R. Civ. P. 59(e) motions filed by Defendant Pamela Osborne (ECF No. 61) and Defendants Sidney Montgomery and Roy Murray (ECF No. 62) asking this Court to alter or amend its Order dated October 30, 2019 (ECF No. 57).

### I.　STANDARD OF REVIEW.

　　　　Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, [the Fourth Circuit has] previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Thus, the rule permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings. Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance.

*Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotations and citations omitted).

## II. ARGUMENTS.

### A. Causation.

Respectfully, and contrary to the defendants' argument, Ms. Coats has made a legally sufficient showing that her claim should be tried before a jury. Defendants argue that "there is just no evidence in the record from which it can be inferred that any act or omission of the defendants caused Cowan's death." ECF No. 62-1, p. 6. As this Court's Order notes, the Greenwood County Detention Center Officers clearly observed that Mr. Cowan was crawling on the ground, was unable to walk, was shaking, vomited and appeared dazed. He was told by Sergeant Montgomery to "stop faking it." ECF No. 57, p. 10. Mr. Cowan was clearly, as the videotape of this episode amply demonstrates, *in extremis* for approximately 43 minutes during which the officers did nothing but watch him die. By the time the officers finally did intercede on his behalf, it was too late and he was dead.

Defendants' argument that the officers should not be held accountable because Plaintiff cannot prove that Mr. Cowan would have lived if they had intervened within a reasonable time is disingenuous. Defendants want this Court to essentially give them immunity from liability because, in failing to act, Mr. Cowan cannot now prove that he would have lived had they discharged their constitutional duty to care for him. There is ample evidence in this record for a jury to infer that the officers' failure to undertake what any reasonable officer, or human, would have done proximately caused the death of Mr. Cowan. Again, as the video amply demonstrates, this was not a situation where Mr. Cowan merely died in his sleep, or after a brief interlude of seizures. The defendants observed him for over a full 40 minutes and did nothing. Followed to

its logical conclusion, under Defendants' reasoning, no officer should ever intervene on behalf of an ill inmate since, by failing to do so and the inmate dies, the defendants will be effectively immunized since the ill inmate was incapable of showing that he otherwise would have lived. Plaintiff's case should be presented to a jury. *See Vaughn v. Gray*, 557 F.3d 904,909 (8th Cir. 2009) (failure to respond to prisoner who vomited through the night could support finding of deliberate indifference despite defendants' claim that they thought the prisoner was vomiting because he had ingested shampoo; "Appellants' self-serving contention that they did not have the requisite knowledge does not provide an automatic bar to liability in light of the objective evidence to the contrary"; *Scicluna v. Wells*, 345 F.3d 441, 446 (6th Cir. 2003) (doctor's claim that there was no evidence he knew a patient was present in the prison could be overcome by inference that there3 was an emergency treatment request and he ignored it); *Hudak v. Miller*, 28 F. Supp. 2d 827, 832 (S.D.N.Y. 1998) (doctor's self-serving statement that he believed prisoner's headaches were caused by tension cannot defeat liability if the facts showed that the risk of a serious problem was so obvious that he must have known about it).

To the extent Defendants' argument is that this case is not triable because Ms. Coats has not put forward an "expert" to say that Mr. Cowan would have survived had he received care in time, that argument is not supported by any caselaw nor would it be sound public policy. Indeed, controlling Fourth Circuit caselaw holds just the opposite. *See Scinto v. Stansberry*, 841 F.3d 219 (4th Cir. 2016) (expert testimony is not required in a deliberate indifference claim alleging that prison officials deprived the plaintiff—a diabetic—of insulin since the risk of diabetes and the failure to provide insulin to a diabetic would be apparent even to laypersons).

3

B. **Qualified Immunity.**

Defendant Osborne argues she should be treated differently than the other defendants because she "did not know that Cowan was incapable of speaking, standing or walking since the conduct upon which that assertion is made occurred before she arrived in the unit." ECF No. 61-1, p. 18. Defendant Osborne's deposition testimony, however, contradicts this assertion. *E.g.* ECF No. 38-18, p. 16, 20-21. Defendants Murray and Montgomery argue they "had a limited time frame and limited information with which to make a determination as to Cowan's need for emergent medical care." ECF No. 62-1, p. 9. This Court's order correctly explained:

> The question is whether at the time of the incident it was clearly established that the Fourteenth Amendment forbids prison officials who observe an inmate who is sweating and breathing heavily, vomiting, incapable of speaking, standing or walking, and having seizures from delaying approximately forty-three minutes in summoning medical care for that inmate.

ECF No. 57, p. 12 (citing numerous cases).

Because Mr. Cowan's medical condition was "so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Iko v. Shreve,* 535 F.3d 225, 241 (4th Cir. 2008), this Court properly denied the defendants qualified immunity.

### III.  CONCLUSION.

For the foregoing reasons, this Court should deny the defendants' Rule 59(e) motions. Respectfully, Ms. Coats asks this Court to schedule this case for trial.

By:  *s/ E. Charles Grose, Jr.*

E. Charles Grose, Jr.
The Grose Law Firm, LLC
400 Main Street
Greenwood, South Carolina 29646
(864) 538-4466
charels@groselawfirm.com
Federal Court ID: 6072

4

By s/*Elizabeth A. Franklin-Best*

Elizabeth A. Franklin-Best
Elizabeth Franklin-Best, P.C.
2725 Devine Street
Columbia, South Carolina 29205
(803) 445-1333
elizabeth@franklinbestlaw.com
Federal Court ID: 9969

***Attorneys for the Plaintiff***

December 18, 2019.

5