IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| LaKrystal Coats, *as Personal Representative of the Estate of Demetric Cowan,*<br><br>PLAINTIFF,<br><br>v.<br><br>Ray Pope, *in his individual capacity*, FNU Nichols, *in his individual capacity*, FNU Cardarelli, *in his individual capacity*, FNU White, *in his individual capacity*, Gerald Brooks, *in his official capacity as Chief of Police of the City of Greenwood*, Sidney Montgomery, *in his individual capacity*, Roy Murray, *in his individual capacity*, Pamela Osborne, *in her individual capacity*, and Tony Davis, *in his official capacity as Sheriff of Greenwood County*,<br><br>DEFENDANTS. | Civil Action No. 1:17-cv-02930-TLW<br><br><br><br>Order |

    This action stems from the death of Demetric Cowan while he was a pretrial detainee in the Greenwood County Detention Center. The Court previously detailed the circumstances of Cowan's death in an order dated October 30, 2019. ECF No. 57. This matter now comes before the Court on Defendants' motions for reconsideration of the Court's order. ECF Nos. 61, 62. In the order, the Court accepted in part and denied in part the Report and Recommendation (Report) of the Magistrate Judge who recommended granting summary judgment for all defendants. The Court accepted the Report's recommendation for all defendants except Greenwood County Detention Officers Sidney Montgomery, Roy Murray, and Pamela Osborne (GCDC Officers). As

1

for the GCDC Officers, the Court granted summary judgment as to the state law claims but ruled that the Plaintiff made a sufficient showing that her Fourteenth Amendment claims should not be dismissed on summary judgment.

Defendants Montgomery, Murray, and Osborne ask the Court to reconsider its decision to deny summary judgment as to the Fourteenth Amendment claims. Defendants Montgomery and Murray together filed a motion for reconsideration, ECF No. 61, and Defendant Osborne separately filed a motion for reconsideration, ECF No. 62. Plaintiff filed a combined response to Defendants' motions for reconsideration. ECF No. 65. Defendants filed replies. ECF Nos. 70, 71. For the reasons stated herein, the Court denies Defendants' motions for reconsideration.

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment. The Fourth Circuit held that a Rule 59(e) motion to reconsider may be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted).

In the instant motions, Defendants Montgomery and Murray first argue that there is insufficient evidence of a causal connection between any acts of the defendants and the decedent's death to support a claim for wrongful death damages. Next, Defendants Montgomery and Murray argue that there is insufficient evidence of a causal connection between the acts of the defendants and Cowan's suffering during the time leading up to his death to support Plaintiff's claim for survival damages. Third, Defendants Montgomery and Murray argue that while in hindsight

2

"Cowan was having a significant medical emergency," his behavior leading up to his death (crawling on the ground, inability to walk, shaking, vomiting, and appearing dazed) would not signify a need for emergency medical attention to a layperson. ECF No. 62 at 9. Therefore, Defendants argue, the Court should dismiss Plaintiff's Fourteenth Amendment claims. Finally, Defendants Montgomery and Murray argue that they are protected by qualified immunity. In her motion for reconsideration, Defendant Osborne presents similar arguments as Defendants Montgomery and Murray but notes that she was not involved in the supervision of Cowan until later in the timeline of his demise and therefore Cowan's need for medical care was not obvious to her.

The Fourth Circuit has ruled that wrongful death and survival actions can be brought pursuant to 42 U.S.C. § 1983. *See, e.g., Iko v. Shreve*, 535 F.3d 225 (4th Cir. 2008). In her Complaint, Plaintiff alleges that "[t]he conduct and actions of Defendants…in failing to request or obtain medical attention for Cowan…with a deliberate indifference…caused specific and serious physical and emotional pain…"and resulted in Cowan's death ECF No.1 at p. 6 (¶ 37, 38). As Defendant Osborne states, "[i]t appears…that the Plaintiff intends to make both federal survival and wrongful death claims." ECF No. 61 at 4. The Court ruled in its order that Plaintiff presents a cognizable claim for deliberate indifference based on the obviousness of Cowan's symptoms, and the Court finds no reason to change that ruling.

Specifically, as to causation for the wrongful death aspect, Defendant Osborn argues that Plaintiff's evidence is insufficient and that "[o]rdinarily causation would

be established by expert testimony but [Plaintiff] does not have an expert witness to do so." ECF No. 61 at 5. However, the Fourth Circuit ruled in *Scinto v. Stansberry* that expert testimony is not required in a deliberate indifference claim where the risk would be apparent to a layperson. 841 F.3d 219, 230 (2016) (stating "[t]here is no requirement, however, that a plaintiff alleging deliberate indifference present expert testimony to support his allegations of serious injury or substantial risk of serious injury."). The Court acknowledges that it is not the burden of Defendants to show that their conduct was not the cause of Cowan's death. Nonetheless, the affidavit of Dr. Kim Collins, who opined that death was "most probably" not preventable due to the ingested cocaine, leaves open, based on the circumstances of Cowan's death, a factual question to be determined by a jury.[1] The Court's order denying summary judgment discussed how it evaluated the affidavit from Dr. Collins. In that order the Court stated that the term "'most probably' does not meet the level of certainty required to find that no triable issue of fact exists in determining whether the officers' conduct was the proximate cause of Cowan's death." ECF No. 57 at 10 (emphasis added). This statement shows the Court did find that a causal connection exists between the actions of the Defendants and the death of Cowan. Again, *Scinto*

---

[1] The Court notes that Defendant Osborne specifically requests a ruling on the admissibility of the internet article cited by Plaintiffs that addresses the possibility of saving lives of cocaine body packers if there is early detection and medical intervention. If necessary, the Court will take up the admissibility of this evidence before proceeding to or at trial. At this time, the Court notes that it did not rely on that evidence in making its determination that Plaintiff presented a cognizable claim that survives summary judgment.

addresses when expert testimony is not necessary to survive summary judgment. It applies here.

The issue of qualified immunity was discussed in the Court's order. After considering the motions to reconsider, the Court concludes there is no basis to reconsider the qualified immunity analysis set forth in the initial order. In its order, the Court considered a number of cases dealing with qualified immunity including: *McRaven v. Sanders*, 577 F.3d 974 (8th Cir. 2009), *Iko v. Shreve*, 535 F.3d 225 (4th Cir. 2018), *Estate of Bradich v. City of Chicago*, 413 F.3d 688 (7th Cir. 2005), *Estate of Owensby v. City of Cincinatti*, 414 F.3d 596 (6th Cir. 2005), and *Tlamka v. Serrell*, 244 F.3d 628 (8th Cir. 2001).  Under the caselaw qualified immunity is unavailable to officers who do not seek medical treatment for inmates who present an obvious need for medical attention. In this case, Cowan's condition—crawling on the ground, inability to walk, shaking, vomiting, and appearing dazed—presented an obvious need for medical attention.

After careful reconsideration and in light of the parties' briefing and arguments, and the reasoning in the Court's order dated October 30, 2019, the Court rules that Defendants' motions, ECF Nos. 61, 62, are **DENIED.** The Court notes that trial in this case is scheduled to begin on Tuesday, March 3, 2020 at 9:30 a.m.

**IT IS SO ORDERED**.

___s/Terry L. Wooten_____
Senior United States District Judge

January 27, 2020
Columbia, South Carolina